UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT LEFTWICH,

        Petitioner,

vs.                              Case No. 3:10-cv-424-J-37MCR

SECRETARY, DOC, et al.,

        Respondents.

## **ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2010.[1] He challenges his 2004[2] Duval County conviction for dealing in stolen property and burglary of a dwelling.

---

[1] The Petition was filed with the Clerk on May 17, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (May 13, 2010). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

[2] The judgment and sentence was entered on April 6, 2004.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' December 13, 2010, Response Moving to Dismiss as Untimely (Doc. #12) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] See Index to Exhibits (Doc. #14). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Orders (Docs. #9 & #17). Petitioner filed a Notice of No Filing (Doc. #18), stating he did not intend to file a reply.

The record shows the following. After a jury trial, Petitioner was found guilty of dealing in stolen property and burglary of a dwelling. Ex. 1 at 83-84. The judgment and sentence was entered on April 6, 2004. Id. at 105-11. Petitioner appealed, id. at 118, and the conviction was affirmed on February 16, 2005. Leftwich v. State, 895 So.2d 410 (Fla. 1st DCA 2005); Ex. 8. His conviction became final on May 17, 2005 (90 days after February 16, 2005) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

timely filed, within 90 days of the appellate court's denial of that motion.").[4]

The Petition, filed May 13, 2010, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. On June 14, 2006, pursuant to the mailbox rule, he filed a Rule 3.850 motion in the circuit court. Ex. 9 at 1-10. On June 29, 2006, an Order Denying Motion for Post Conviction Relief was filed. Id. at 11-12.[5] Petitioner appealed. Id. at 24. The circuit court's decision was affirmed in part and reversed in part. Leftwich v. State, 954 So.2d 714 (Fla. 1st DCA 2007) (per curiam); Ex. 13. The Rule 3.850 proceedings continued, and the First District Court of Appeal affirmed the circuit court. Leftwich v. State, 27 So.3d 663 (Fla. 1st DCA 2010) (per curiam); Ex. 14. The mandate issued on February 23, 2010. Id.

Upon consideration, the one-year limitations period in Petitioner's case began to run on May 17, 2005. It expired on May 17, 2006. Petitioner did not file his post conviction motion in

---

[4] The Court has thoroughly reviewed the case history of Leftwich v. State, 895 So.2d 410 (Fla. 1st DCA Feb. 16, 2005) (Table), the affirmance on direct appeal, and found no record of a petition for certiorari being filed or addressed. Apparently, Petitioner did not file a petition for certiorari.

[5] The Court notes that page 13 of Exhibit 9 is missing from the record; however, this will not prevent the Court from addressing the AEDPA limitations issue.

4

the state court system until June 14, 2006 (pursuant to the mailbox rule), when he filed his Rule 3.850 motion in the state circuit court. Ex. 9 at 1-10. This motion did not toll the federal one-year limitations period because it had already expired on May 17, 2006. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition was not timely filed in this Court.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show

specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner claims that he "was not aware of applicable case law and rules and procedures[.]" Petition at 3. While the Court recognizes that the lack of a formal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (not reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL 1629951 (S.D. Ala. July 8, 2005) (not reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Oklahoma, 100 Fed. Appx.

6

795, 798 (10th Cir. 2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).

Additionally, Petitioner claims he was given erroneous information by inmate law clerks. Petition at 3-4. Inmate law clerks are not lawyers, and mere negligence on their part will not justify equitable tolling. Here, Petitioner has not asserted that he was mislead by counsel, see Downs, 520 F.3d at 1321-22, nor has he claimed he was provided erroneous information by state courts or subjected to egregious attorney misconduct in pursuing post conviction remedies. Id. at 1319. In sum, Petitioner has not presented an extraordinary circumstance for purposes of equitable tolling.

Finally, Petitioner, asserts there was a death in his family on October 20, 2007, see Exhibit A attached to the Petition (Florida Department of Corrections' Crisis Message Worksheet), and this caused some delay in researching the rules and procedures and timely filing his Petition. Petition at 4. This argument is without merit because the one-year limitations period expired on

7

May 17, 2006. Thus, there was no period remaining to be tolled at the time of the death in his family.

Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Respondents' December 13, 2010, Response Motion to Dismiss as Untimely (Doc. #12) is **GRANTED**.

3. The case is **DISMISSED** with prejudice.

4. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

5. The Clerk of the Court shall close this case.

6. Petitioner's March 9, 2011, Notice of No Filing (Doc. #18) contains a request that the Court honor his Notice of Appeal (Doc. #15). This request is **DENIED**. Petitioner's interlocutory

appeal was dismissed by the Eleventh Circuit. <u>See</u> Order of Dismissal (Doc. #20). Therefore, if Petitioner wishes to appeal the dismissal of the case, he must file a notice of appeal/application for certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of October, 2011.

ROY B. DALTON JR.
United States District Judge

sa 10/6
c:
Vincent Leftwich
Ass't A.G. (Duffy)